**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Ugur Ocal, Nusret Kelle, and Yunus Orkun, on behalf of themselves and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | |
| - vs. – | **COMPLAINT** |
| | **COLLECTIVE ACTION** |
| Safran Food LLC d/b/a/ Mangal Kebab, Ahmet "Doe", Semih "Doe", Engin Yasmun, and John "Doe" #1, | |
| Defendants. | |

Plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun, by and through their undersigned attorneys, for their complaint against defendants Safran Food LLC d/b/a Mangal Kebab, Ahmit "Doe", Semih "Doe", Engin Yasmun, and John "Doe" #1 allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Safran Food LLC d/b/a Mangal Kebab, Ahmet "Doe", Semih "Doe", Engin Yasmun, and John "Doe" who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Ugur Ocal, Nusret Kelle and Yunus Orkun further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages

pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Ugur Ocal is an adult individual residing in Weehawken, New Jersey.

4.   Plaintiff Nusret Kelle is an adult individual residing in San Francisco, California.

5.   Plaintiff Yunus Orkun is an adult individual residing in Queens, New York.

6.   Ugur Ocal, Nusret Kelle and Yunus Orkun each consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent was previously filed.

7.   Defendant Safran Food LLC d/b/a Mangal Kebab, is a domestic limited liability company organized under the law of the State of New York (hereinafter referred to as "Mangal Kebab") with a principal place of business at 46-20 Queens Boulevard, Sunnyside, New York 11104.

8.   Defendant Mangal Kebab owns and operates a Turkish restaurant, located at 46-20 Queens Boulevard, Sunnyside, New York.

9.   At all relevant times, defendant Mangal Kebab was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.  At all relevant times, defendant Mangal Kebab has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11.  Upon information and belief, at all relevant times, defendant Mangal Kebab has had gross revenues in excess of $500,000.00.

12.  Upon information and belief, at all relevant times herein, defendant Mangal Kebab has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

13.  Upon information and belief, defendant Ahmet "Doe" is an owner or part owner and principal of Mangal Kebab, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.  Defendant Ahmet "Doe" was involved in the day-to-day operations of Mangal Kebab and played an active role in managing the business.

15.  Upon information and belief, defendant Semih "Doe" is an owner or part owner and principal of Mangal Kebab, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16.  Defendant Semih "Doe" was involved in the day-to-day operations of Mangal Kebab and played an active role in managing the business.

17.  Upon information and belief, defendant Engin Yasmun is a manager of Mangal Kebab, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18.  Defendant Engin Yasmun was involved in the day-to-day operations of Mangal Kebab and played an active role in managing the business.

19.  Upon information and belief, defendant John "Doe" #1 represents the other owner, officer, director, member, and/or managing agent of defendant Mangal Kebab whose identity is unknown at this time, who participated in the day-to-day operations of defendants, who has the power to hire and fire employees, set wages and schedules, and retain their records.

20.  Defendants constituted "employers" of Ugur Ocal, Nusret Kelle and Yunus Orkun as that term is used in the

Fair Labor Standards Act and New York Labor Law.

### JURISDICTION AND VENUE

21.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over the plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

### COLLECTIVE ACTION ALLEGATIONS

23.  Pursuant to 29 U.S.C. § 206 and § 207, Ugur Ocal, Nusret Kelle and Yunus Orkun seeks to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since April 27, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24.  The Collective Action Members are similarly situated to Ugur Ocal, Nusret Kelle and Yunus Orkun in that

they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

25.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

26.  Mr. Ocal, Mr. Kelle, Mr. Orkun, and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

27.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

28.  At all relevant times herein, defendants owned and operated Mangal Kebab, a Turkish restaurant in Sunnyside, New York.

29.  Mr. Ocal was employed at Mangal Kebab from November 2017 until March 15, 2020.

30.  Mr. Ocal was employed as a waiter, cook, delivery person and cleaner.

31.  Mr. Kelle was employed at Mangal Kebab from May 2019 until March 29, 2020.

32.  Mr. Kelle was employed as a waiter and busboy.

33.  Mr. Orkun was employed from May 15, 2019 until April 2020.

34.  Mr. Orkun was employed as a busboy.

35.  Mr. Ocal's, Mr. Kelle's and Mr. Orkun's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

36.  At all relevant times herein, plantiffs Ugur Ocal, Nusret Kelle and Yunus Orkun were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

37.  From the beginning of his employment by Mangal Kebab until September 15, 2019, Mr. Ocal worked a regular schedule of six days per week, Tuesday through Sunday, from approximately 10:30 a.m. until 11:30 p.m., with a 20-minute break daily.

38.  As a result, Mr. Ocal worked approximately 72 hours per week during that initial period of his employment.

39. From September 15, 2019 until the end of his employment by Mangal Kebab, Mr. Ocal worked a regular schedule of five days per week, Tuesday through Saturday, from 10:30 a.m. until 11:30 p.m., with a 20-minute break daily.

40. As a result, Mr. Ocal worked approximately 60 hours per week during that second period of his employment.

41. Mr. Ocal was paid $100 cash per day in tips throughout his employment by the defendants. As result he was paid approximately $600 per week in cash from the beginning of his employment until September 15, 2019, and $500 per week in cash from September 15, 2019 until March 15, 2020.

42. Mr. Ocal received this amount each week for all hours he worked, regardless of the exact number of hours he worked in a given week.

43. From May 2019 through July 2019, Mr. Kelle worked a regular schedule of five days per week, Thursday through Monday, from 11:00 a.m. until 11:00 p.m., with a 20-minute break daily.

44. As a result, Mr. Kelle worked approximately 60 hours per week during this initial period of his employment by Mangal Kebab.

45.   From August 2019 until March 29, 2020, Mr. Kelle worked a regular schedule of four days per week, Friday through Monday, from 11:00 a.m. until 11:00 p.m., with a 20-minute break daily.

46.   As a result, Mr. Kelle worked approximately 48 hours per week during this second period of his employment by Mangal Kebab.

47.   Mr. Kelle was paid in cash, $300 per week "house pay" plus $265 in tips during the initial period of his employment when was working five days per week; he was paid in cash, $200 per week "house pay" plus $250 in tips during the second period of his employment when he was working four days per week.

48.   Mr. Kelle received this amount each week for all hours he worked, regardless of the exact number of hours he worked in a given week.

49.   From May 15, 2019 until February 2020, Mr. Orkun worked a regular schedule six days per week, from approximately 10:30 a.m. to 11:30 p.m., with Fridays off, with a 20-minute break daily.

50.   As a result, Mr. Orkun worked approximately 69 hours per week during this first period of his employment by Mangal Kebab.

51.  From February 2020 through April 2020, Mr, Orkun worked a regular schedule five days per week, Sunday through Thursday, from approximately 10:30 a.m. to 11:30 p.m., with a 20-minute break daily.

52.  As a result, Mr. Orkun worked approximately 62 hours per week during this second period of his employment by Mangal Kebab.

53.  Mr. Orkun was paid in cash, approximately $400 "house pay" plus $ 120 in tips per week, during the initial period of his employment by Mangal Kebab; he was paid in cash approximately $350 "house pay" plus $100 in tips per week during the second period of his employment by Mangal Kebab.

54.  Mr. Orkun received this amount each week for all hours he worked, regardless of the exact number of hours he worked in a given week.

55.  As a result, Mr. Ocal's, Mr. Kelle's and Mr. Orkun's effective rates of pay were each sometimes below the statutory New York City minimum wage in effect at relevant times.

56.  Defendants' failure to pay each of the plaintiffs an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and

lacked a good faith basis.

57.   Plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun have been paid in cash throughout their employment, and they received no paystubs or wage statements of any sort with their pay.

58.   In addition, the defendants failed to pay Ugur plaintiffs Ocal, Nusret Kelle and Yunus Orkun any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

59.   Defendants' failure to pay plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

60.   Defendants failed to provide Ugur Ocal, Nusret Kelle and Yunus Orkun with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

61. Defendants failed to provide Ugur Ocal, Nusret Kelle and Yunus Orkun with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

62. Upon information and belief, throughout the period of the plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, the defendants have likewise employed other individuals like Ugur Ocal, Nusret Kelle and Yunus Orkun (the Collective Action Members) in positions at defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

63. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

64. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

65. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

66. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

67. Upon information and belief, while the defendants employed Ugur Ocal, Nusret Kelle and Yunus Orkun and the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

68. Upon information and belief, while the defendants employed Ugur Ocal, Nusret Kelle and Yunus Orkun and the Collective Action members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

69. Ugur Ocal, Nusret Kelle and Yunus Orkun repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70. At all relevant times, Ugur Ocal, Nusret Kelle and Yunus Orkun were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71. Defendants willfully violated the plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

72. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73. Due to the defendants' New York Labor Law violations, Ugur Ocal, Nusret Kelle and Yunus Orkun are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

74. Plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, the defendants employed Ugur Ocal, Nusret Kelle and Yunus Orkun and each of the Collective Action Members within the meaning of the FLSA.

76. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

77. As a result of defendants' willful failure to compensate their employees, including the plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

78. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

79. Due to the defendants' FLSA violations, the plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

80. Plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

81. At all relevant times, Ugur Ocal, Nusret Kelle and Yunus Orkun were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

82. Defendants willfully violated the plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

83.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

84.  Due to the defendants' New York Labor Law violations, plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(NEW YORK LABOR LAW – SPREAD OF HOURS)**

85.  Plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

86.  At all relevant times, Ugur Ocal, Nusret Kelle and Yunus Orkun were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

87.  Defendants willfully violated the plaintiffs' rights by failing to pay them an additional hour's pay at

the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

88.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

89.  Due to Defendants' New York Labor Law violations, plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).


**COUNT V**

**(New York Labor Law – Wage Theft Prevention Act)**

90.  Plaintiffs Ugur Ocal, Nusret Kelle and Yunus Orkun repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

91.  At all relevant times, Ugur Ocal, Nusret Kelle and Yunus Orkun were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

92.  Defendants willfully violated the plaintiffs' rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

93.  Defendants willfully violated the plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

94.  Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Ugur Ocal, Nusret Kelle and Yunus Orkun are each entitled to recover from the defendants statutory damages of $250 per day, from November 2107 until March 15, 2020 for Mr. Ocal, from May 2019 to March 29, 2020 for Mr. Kelle, and from May 15, 2019 to April 2020 for Mr. Orkun, up to the maximum statutory damages.

95.  Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Ugur Ocal, Nusret Kelle and Yunus Orkun are entitled to recover from the defendants statutory damages of $50 per

day, from November 2107 until March 15, 2020 for Mr. Ocal,
from May 2019 to March 29, 2020 for Mr. Kelle, and from May
15, 2019 to April 2020 for Mr. Orkun, up to the maximum
statutory damages.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, plaintiffs Ugur Ocal, Nusret Kelle and
Yunus Orkun respectfully request that this Court grant the
following relief:

a.  Designation of this action as a collective
    action on behalf of the Collective Action
    Members and prompt issuance of notice pursuant
    to 29 U.S.C. § 216(b) to all similarly situated
    members of an FLSA Opt-In Class, apprising them
    of the pendency of this action, permitting them
    to assert timely FLSA claims in this action by
    filing individual Consents to Sue pursuant to 29
    U.S.C. § 216(b), and appointing Mr. Ocal, Mr.
    Kelle and Mr. Orkun and their counsel to
    represent the Collective Action members;

b.  A declaratory judgment that the practices
    complained of herein are unlawful under the FLSA
    and the New York Labor Law;

c.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An   award   of   prejudgment   and   postjudgment
    interest;

m.  An  award  of  costs  and  expenses  of  this  action
    together  with  reasonable  attorneys'  and  expert
    fees; and

n.  Such  other,  further,  and  different  relief  as
    this Court deems just and proper.

Dated: April 27, 2021

                         /s/ Michael Samuel
                         Michael Samuel (MS 7997)
                         THE SAMUEL LAW FIRM
                         1441 Broadway
                         Suite 6085
                         New York, New York 10018
                         (212) 563-9884
                         Attorneys for Plaintiffs,
                         *Individually and on behalf of an*
                         *FLSA collective action*